IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ANTHONY PATTERSON, JR.,        )
                               )
                Petitioner,    )
                               )
     v.                        )     1:10CV630
                               )
STATE OF NORTH CAROLINA,       )
                               )
                Respondent.    )
```

### MEMORANDUM OPINION, RECOMMENDATION, AND ORDER
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 3.) On October 1, 2004, in the Superior Court of Durham County, Petitioner pled guilty to first-degree murder, robbery with a dangerous weapon, and first-degree kidnaping in cases 02 CRS 51199, -14030, and -51200. (Docket Entry 6, Ex. 1.) His convictions were consolidated and he was sentenced to life imprisonment without the possibility of parole. (Id.) Petitioner did not pursue a direct appeal, but, on June 10, 2010, did file a motion for appropriate relief in Durham County. (Id., Exs. 2, 3.)[1] Upon denial of that motion (id., Ex. 3), he filed a petition for certiorari with the North Carolina Supreme Court (id., Ex. 4), which dismissed said petition on August 26, 2010 (id., Ex. 5). Petitioner dated his instant Petition, which this Court received on

---

[1] The state court gave June 10, 2010, as the filing date. (Docket Entry 6, Ex. 3.) Petitioner has identified May 28, 2010, as the date "mailed to the court." (Docket Entry 3 at 3.) As shown below, the difference between those dates and June 10, 2010, does not affect the timeliness of his instant Petition.

August 13, 2010, as mailed on August 9, 2010. (See Docket Entry 3 at 14.) Respondent has filed a motion to dismiss the Petition. (Docket Entry 5.) Petitioner has responded (Docket Entry 8) and the Motion to Dismiss is now before the Court.

## Petitioner's Claims

The Petition raises four possible claims for relief, that he was interrogated on July 9, 2002, without advice of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), that a police report concerning evidence found in his belongings near the time of his arrest was never disclosed, that he received ineffective assistance of counsel in conjunction with his guilty plea and sentencing, and that there were evidentiary issues surrounding a weapon. (Docket Entry 3 at 5-8, 10.)

## Discussion

Respondent requests dismissal on the ground that the Petition was filed[2] outside of the one-year limitation period imposed by 28

---

[2] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date that it is received by the clerk." Morales-Rivera v. United States, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." Id. at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See Allen v. Mitchell, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date. Cf. United States v. Torres, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court). We take no position on that question here."); but see Smith v. Woodard, 57 Fed. Appx. 167, 167 n.* (4th Cir. 2003) (implying that Houston's rule governed filing date of § 2254 petition); Ostrander v. Angelone, 43 Fed. Appx. 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness
(continued...)

U.S.C. § 2244(d)(1). In order to assess this argument, the Court first must determine when Petitioner's one-year period to file his § 2254 petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) <u>the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review</u>;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

<u>Green v. Johnson</u>, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case. As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain

---

²(...continued)
issue, the Court declines to consider this matter further.

when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

Here, the state court entered Petitioner's judgment on October 1, 2004. (Docket Entry 6, Ex. 1.) His time to file any possible appeal would have expired 14 days later. See N.C.R. App. P. 4(a) (fourteen days to serve notice of appeal). Petitioner's year to file his federal habeas petition then began to run and expired a year later in the middle of October of 2005. However, Petitioner did not file his Petition in this Court until August of 2010.

Although Petitioner sought collateral relief in the state courts, he failed to do so until May or June of 2010 (see Docket Entry 3 at 3; Docket Entry 6, Ex. 2), well after his time to file in this Court had already expired. State court filings made after the one-year limitation period has expired do not restart or revive the filing period. See Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Under these circumstances, Petitioner filed his instant Petition out of time under § 2244.

Petitioner has not really argued that his Petition is timely under § 2244. Instead, he has contended that the Court should consider his Petition despite its untimeliness because he received ineffective assistance of counsel, lacked familiarity with the requirements for filing a petition and with the law generally, did not know of the statute of limitations, and lacked access to legal materials. (Docket Entry 8 at 5-7, 12.) His contentions in this regard appear to request equitable tolling of the limitation period.

The Supreme Court has determined that the one-year limitation period imposed by § 2244(d) is subject to equitable tolling. Holland v. Florida, 130 S.Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Likewise, negligence by counsel does not warrant equitable tolling. See Holland, 130 S.Ct. at 2564. Nor do prison conditions, such as transfers, lockdowns, or misplacement of legal papers, normally provide a basis for equitable tolling. See Dodd v. United States, 365 F.3d 1273, 1283 (11th Cir. 2004); Allen v. Johnson, 602 F. Supp. 2d 724, 727-28 (E.D. Va. 2009).

Petitioner's arguments fall into the categories just mentioned and fail for that reason. Further, he has not demonstrated that he was diligent in pursuing his rights. In fact, although Petitioner claims to have diligently pursued his rights, exhibits attached to his brief in response to the Motion to Dismiss indicate only that he began pursuing them in 2009, years after his time to file in this Court had already expired. (Docket Entry 8, Exs. 1,3.) Petitioner thus has failed to show the diligence required for equitable tolling. See generally Pace, 544 U.S. at 418. The Petition is out of time and should be dismissed.

Finally, Petitioner has filed a "Request for Production of Documents." (Docket Entry 10.) In light of the instant recommendation of dismissal based on the applicable statute of limitations, Petitioner cannot show good cause for discovery. See generally Rule 6(a), Rules Governing Section 2254 Cases.

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 5) be **GRANTED**, that the Habeas Petition (Docket Entry 3) be **DISMISSED**, and that Judgment be entered dismissing this action.

**IT IS ORDERED** that Petitioner's Request for Production of Documents (Docket Entry 10) is **DENIED**.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

September 9, 2011